## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NATIONWIDE AIRLINES (PTY) LTD.,

    Plaintiff,

    v.    Case No. 05-MISC-066

AFRICAN GLOBAL, LTD., and
NEIL ATKINSON, Individually and
d/b/a AFRICAN GLOBAL, LTD.,

    Defendants.

## ORDER

After reviewing the defendants' submissions and the submissions of non-party witness Ronnie Harris, the court grants the defendants' motion to compel production of the documents requested. The defendants subpoenaed Harris' business records, including invoices, margin information, and tax returns, to calculate damages for its counterclaim in *Nationwide Airlines (Pty) Ltd. v. African Global, Ltd., et al.*, No. 3:04 CV 00768, currently pending in the United States Court for the District of Connecticut. The Affidavit of Mark Harrison adequately explains why the information that the defendants seek is the best evidence of African Global's lost earnings. (Harrison Aff. ¶¶ 4-6.) "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The information that the defendants seek is relevant to the subject matter of the pending litigation.

Harris contends that releasing sales numbers, pricing information, and client contact information would give African Global an unfair competitive advantage over her business, Under African Skies ("UAS"), because African Global could contact UAS's key customers and undercut prices offered to those customers. (Harris' Supplemental Br. 3.) Federal Rule of Civil Procedure 26(c)(7) states that a court may order that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." As in *Vesta Corset Co. v. Carmen Foundations, Inc.*, 1999 WL 13257 (S.D.N.Y. Jan. 13, 1999), the competing interests of the defendants and Harris are "not irreconcilable." *Id.* at *3. In *Vesta*, a party sought commercially sensitive information, such as pricing, profits, cost, overhead, customer lists, and price structure, from a competitor. *Id.* at *2. The court struck a balance between the parties' interests by limiting the disclosure of the information to counsel and experts. *Id.* at *3-4. If this court adopts the same approach, the defendants' experts may prepare for trial without transmitting the information to defendant Neil Atkinson for competitive use. *Id.* at *2. One confidentiality agreement proposed by African Global, (Cohen Aff. Ex. C, Dec. 21, 2005), states that the parties shall not see, review, or obtain any document that discloses the identities of customers that had not previously purchased Nationwide Airlines tickets during the period of May 2002 to January 2004. (*Id.* ¶ 6(d).) The parties need only expand this section to prohibit information concerning UAS's margins and pricing from being seen and reviewed by Neil Atkinson. With this condition, the court grants the defendants' motion to

compel. The defendants and Harris shall draft and execute a revised confidentiality agreement in an expeditious manner. The defendants and Harris shall submit a copy of the proposed order for the court's signature, and Harris shall produce the documents sought by the defendants in this action within thirty (30) days from the date of this order. The defendants and Harris shall bear their own costs and attorney's fees incurred in connection with this motion.

Accordingly,

**IT IS ORDERED** that the defendants' motion to compel be and the same is hereby **GRANTED** under the conditions herein described.

The clerk of court is directed to close the file in this matter.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2006.

>BY THE COURT:
>
>s/J.P. Stadtmueller
>J.P. STADTMUELLER
>U.S. District Judge